Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
ALBERTO SALDARRIAGA
SALDARRIAGA, *individually and on behalf of others similarly situated,*

               *Plaintiff,*

         -against-

IND GLATT, INC. (d/b/a I & D GLATT), DAVID YIZHAKY, JOHN DOE 1, and JOHN DOE 2,

               *Defendants.*
-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION**
**UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Alberto Saldarriaga Saldarriaga ("Plaintiff Saldarriaga" or "Mr. Saldarriaga"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon information and belief, and as against each of defendants IND Glatt, Inc. (d/b/a I & D Glatt) ("Defendant Corporation") David Yizhaky, John Doe 1, and John Doe 2 (collectively, "Defendants"), alleges as follows:

### NATURE OF ACTION

1. Plaintiff Saldarriaga is a former employee of Defendants IND Glatt, Inc. (d/b/a I & D Glatt), David Yizhaky, John Doe 1, and John Doe 2.

2. I & D Glatt is a kosher butcher shop owned by David Yizhaky, John Doe 1, and John Doe 2 located at 482 Avenue P, Brooklyn, NY 11223.

3. Upon information and belief, Defendants David Yizhaky, John Doe 1, and John Doe 2 serve or served as owners, managers, principals or agents of Defendant Corporation and through this corporate entity operate the kosher butcher shop.

4. Plaintiff Saldarriaga is a former employee of Defendants.

5. Plaintiff Saldarriaga was employed as a salad and soup maker.

6. At all times relevant to this Complaint, Plaintiff Saldarriaga worked for Defendants in excess of 40 hours per week, without receiving the appropriate overtime compensation for the hours over 40 per week that he worked.

7. Rather, Defendants failed to maintain accurate recordkeeping of his hours worked and failed to pay him appropriately for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium.

8. Further, Defendants failed to pay Plaintiff Saldarriaga the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9. Defendants' conduct extended beyond Plaintiff Saldarriaga to all other similarly situated employees.

10. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Saldarriaga and other employees to work in excess of forty (40) hours per week without providing them the overtime compensation required by federal and state law and regulations.

11. Plaintiff Saldarriaga now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL") §§190 and

650 *et seq.*, and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 §§ 142-2.2, 2.4), (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorney's fees and costs.

12. Plaintiff Saldarriaga seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Saldarriaga's state law claims is conferred by 28 U.S.C. § 1367(a).

14. Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff Saldarriaga was employed by Defendants in this district.

## PARTIES

*Plaintiff*

15. Plaintiff Alberto Saldarriaga Saldarriaga ("Plaintiff Saldarriaga" or "Mr. Saldarriaga") is an adult individual residing in Kings County, New York.

16. Plaintiff Saldarriaga was employed by Defendants from approximately January 2014 until on or about May 5, 2017.

17. Plaintiff Saldarriaga consents to being a party pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18. At all times relevant to this complaint, Defendants own, operate, and/or control a kosher butcher shop located at 482 Avenue P, Brooklyn, NY 11223 under the name "I & D Glatt".

19. Upon information and belief, IND Glatt, Inc. ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 482 Avenue P, Brooklyn, NY 11223.

20. Defendant David Yizhaky is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant David Yizhaky is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

21. Defendant David Yizhaky possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

22. Defendant David Yizhaky determined the wages and compensation of the employees of Defendants, including Plaintiff Saldarriaga, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

23. Defendant John Doe 1 is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant John Doe 1is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

24. Defendant John Doe 1 possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

25. Defendant John Doe 1 determined the wages and compensation of the employees of Defendants, including Plaintiff Saldarriaga, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

26. Defendant John Doe 2 is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant John Doe 2 is sued individually in her capacity as an owner, officer and/or agent of Defendant Corporation.

27. Defendant John Doe 2 possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

28. Defendant John Doe 2 determined the wages and compensation of the employees of Defendants, including Plaintiff Saldarriaga, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

**FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

29. Defendants operate a kosher butcher shop located at 482 Avenue P, Brooklyn, NY 11223.

30. Individual Defendants David Yizhaky, John Doe 1, and John Doe 2 possess operational control over Defendant Corporation, possess an ownership interest in Defendant Corporation, and control significant functions of Defendant Corporation.

31. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

32. Each Defendant possessed substantial control over Plaintiff Saldarriaga's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Saldarriaga, and all similarly situated individuals, referred to herein.

33. Defendants jointly employed Plaintiff Saldarriaga, and all similarly situated individuals, and are Plaintiff Saldarriaga's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

34. In the alternative, Defendants constitute a single employer of Plaintiff Saldarriaga and/or similarly situated individuals.

35. Upon information and belief, individual defendants David Yizhaky, John Doe 1, and John Doe 2 operate Defendant Corporation as either an alter ego of themselves, and/or fail to operate Defendant Corporation as a legal entity separate and apart from themselves by, among other things:

    (a)    failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

    (b)    defectively forming or maintaining Defendant Corporation by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

    (c)    transferring assets and debts freely as between all Defendants;

(d) operating Defendant Corporation for their own benefit as the sole or majority shareholders;

(e) operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

(f) intermingling assets and debts of their own with Defendant Corporation;

(g) diminishing and/or transferring assets of Defendant Corporation to protect their own interests; and

(h) other actions evincing a failure to adhere to the corporate form.

36. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL.

37. Defendants had the power to hire and fire Plaintiff Saldarriaga, controlled the terms and conditions of his employment, and determined the rate and method of any compensation in exchange for Plaintiff Saldarriaga's services.

38. In each year from 2014 to 2017, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

39. In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were sold in the kosher butcher shop on a daily basis, such as vegetables, were produced outside of the State of New York.

*Individual Plaintiff*

40. Plaintiff Saldarriaga is a former employee of Defendants, employed in performing the duties of a salad and soup maker.

7

41. Plaintiff Saldarriaga seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Alberto Saldarriaga Saldarriaga*

42. Plaintiff Saldarriaga was employed by Defendants from approximately January 2014 until May 5, 2017.

43. At all relevant times, Plaintiff Saldarriaga was employed by Defendants as a salad and soup maker.

44. Plaintiff Saldarriaga regularly handled goods in interstate commerce, such as vegetables and other foods produced outside of the State of New York.

45. Plaintiff Saldarriaga's work duties required neither discretion nor independent judgment.

46. Throughout his employment with Defendants, Plaintiff Saldarriaga regularly worked in excess of 40 hours per week.

47. From approximately January 2014 until on or about May 5, 2017, Plaintiff Saldarriaga worked from approximately 7:00 a.m. until on or about 6:00 p.m. Mondays through Thursdays, from approximately 7:00 a.m. until on or about 3:00 p.m. Fridays, and from approximately 8:00 a.m. until on or about 5:00 p.m. Sundays (typically 61 hours per week).

48. Throughout his employment with Defendants, Plaintiff Saldarriaga was paid his wages in cash.

49. From approximately January 2014 until on or about January 2015, Defendants paid Plaintiff Saldarriaga a fixed weekly salary of $760.00.

50. From approximately January 2015 until on or about May 2015, Defendants paid Plaintiff Saldarriaga a fixed weekly salary of $800.00.

51. From approximately May 2015 until on or about May 2016, Defendants paid Plaintiff Saldarriaga a fixed weekly salary of $840.00.

52. From approximately May 2016 until on or about May 5, 2017, Defendants paid Plaintiff Saldarriaga a fixed weekly salary of $880.00.

53. Plaintiff Saldarriaga's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

54. For example, Defendants required Plaintiff Saldarriaga to work an additional 2 to 3 hours after his shift on Jewish holidays, and did not pay him for the additional time he worked.

55. Defendants did not provide Plaintiff Saldarriaga with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

56. Defendants never provided Plaintiff Saldarriaga with a written notice, in English and in Spanish (Plaintiff Saldarriaga's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

57. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Saldarriaga regarding overtime and wages under the FLSA and NYLL.

*Defendants' General Employment Practices*

58. Defendants regularly required Plaintiff Saldarriaga to work in excess of forty (40) hours per week without paying him the proper overtime premiums and spread of hours pay.

59. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Saldarriaga (and all similarly situated employees) to work in

excess of forty (40) hours per week without paying him appropriate overtime compensation, as required by federal and state laws.

60. Defendants habitually required Plaintiff Saldarriaga to work additional hours beyond his regular shift on Jewish holidays but did not provide him with any additional compensation.

61. Plaintiff Saldarriaga was paid his wages entirely in cash.

62. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

63. Defendants failed to post required wage and hour posters in the kosher butcher shop, and did not provide Plaintiff Saldarriaga with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Saldarriaga's relative lack of sophistication in wage and hour laws.

64. By employing these practices, Defendants avoided paying Plaintiff Saldarriaga overtime compensation of time and a half for all of his hours worked in excess of forty (40) hours per week.

65. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Saldarriaga (and similarly situated individuals) worked, and to avoid paying Plaintiff Saldarriaga properly (1) spread of hours pay and (2) for overtime due.

66. Defendants failed to provide Plaintiff Saldarriaga and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

67. Defendants failed to provide Plaintiff Saldarriaga and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language of Spanish, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

68. Plaintiff Saldarriaga brings his FLSA overtime wages, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in his case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

69. At all relevant times, Plaintiff Saldarriaga and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required overtime pay of one and one-half times his regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

70. The claims of Plaintiff Saldarriaga stated herein are similar to those of the other employees.

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE FLSA OVERTIME PROVISIONS**

71. Plaintiff Saldarriaga repeats and realleges all paragraphs above as though fully set forth herein.

72. At all times relevant to this action, Defendants were Plaintiff Saldarriaga's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Saldarriaga (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

73. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

74. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

75. Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay Plaintiff Saldarriaga (and the FLSA Class members) overtime compensation at rates of one and

one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

76. Defendants' failure to pay Plaintiff Saldarriaga (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

77. Plaintiff Saldarriaga (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE NEW YORK STATE
## LABOR LAW'S OVERTIME PROVISIONS

78. Plaintiff Saldarriaga repeats and realleges all paragraphs above as though fully set forth herein.

79. Defendants, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Saldarriaga (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

80. Defendants failed to pay Plaintiff Saldarriaga (and the FLSA Class members) in a timely fashion, as required by Article 6 of the New York Labor Law.

81. Defendants' failure to pay Plaintiff Saldarriaga (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

82. Plaintiff Saldarriaga (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
## OF THE NEW YORK COMMISSIONER OF LABOR

83. Plaintiff Saldarriaga repeats and re-alleges all paragraphs above as though fully set forth herein.

84. Defendants failed to pay Plaintiff Saldarriaga (and the FLSA class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Saldarriaga's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 et seq. and 650 et seq. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

85. Defendants' failure to pay Plaintiff Saldarriaga (and the FLSA Class members) an additional hour's pay for each day Plaintiff Saldarriaga's (and the FLSA Class members) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

86. Plaintiff Saldarriaga (and the FLSA Class members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

87. Plaintiff Saldarriaga repeats and realleges all paragraphs above as though fully set forth herein.

88. Defendants failed to provide Plaintiff Saldarriaga with a written notice, in English and in Spanish (Plaintiff Saldarriaga's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

89. Defendants are liable to Plaintiff Saldarriaga in the amount of $5,000, together with costs and attorney's fees.

## FIFTH CAUSE OF ACTION
### VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

90. Plaintiff Saldarriaga repeats and realleges all paragraphs above as though set forth fully herein.

91. Defendants did not provide Plaintiff Saldarriaga with a statement of wages with each payment of wages, as required by NYLL 195(3).

92. Defendants are liable to Plaintiff Saldarriaga in the amount of $5,000, together with costs and attorney's fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Saldarriaga respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiff Saldarriaga's in the FLSA claims in this action;

(b) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Saldarriaga and the FLSA class members;

(c) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Saldarriaga and the FLSA class members;

(d) Awarding Plaintiff Saldarriaga and the FLSA class members damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(e) Awarding Plaintiff Saldarriaga and the FLSA class members liquidated damages

in an amount equal to 100% of his damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Saldarriaga and the members of the FLSA Class;

(g) Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Saldarriaga and the members of the FLSA Class;

(h) Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Saldarriaga and the members of the FLSA Class;

(i) Declaring that Defendants violated the notice, recordkeeping, and wage statement requirements of the NYLL with respect to Plaintiff Saldarriaga's, and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

(j) Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Saldarriaga and the FLSA Class members;

(k) Awarding Plaintiff Saldarriaga and the FLSA class members damages for the amount of unpaid overtime wages as well as spread of hours pay under the NYLL as applicable;

(l) Awarding Plaintiff Saldarriaga damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m) Awarding Plaintiff Saldarriaga and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the spread of hours pay and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(n)     Awarding Plaintiff Saldarriaga and the FLSA class members pre-judgment and post-judgment interest as applicable;

(o)     Awarding Plaintiff Saldarriaga and the FLSA class members the expenses incurred in this action, including costs and attorney's fees;

(p)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Saldarriaga demands a trial by jury on all issues triable by a jury

Dated: New York, New York
       May 12, 2017

                              MICHAEL FAILLACE & ASSOCIATES, P.C.

                                  _/s/ Michael Faillace_____
                              By:   Michael A. Faillace [MF-8436]
                                    60 East 42nd Street, Suite 4510
                                    New York, New York 10165
                                    (212) 317-1200
                                    *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

May 9, 2017

BY HAND

TO: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre: Alberto Saldarriaga Saldarriaga

Legal Representative / Abogado: Michael Faillace & Associates, P.C.

Signature / Firma: *Alberto Saldarriaga*

Date / Fecha: 09 de mayo de 2017