**SEYFARTH SHAW**

Seyfarth Shaw LLP
620 Eighth Avenue
New York, New York 10018
(212) 218-5500
fax (212) 218-5526
www.seyfarth.com

WASHINGTON, D.C. | SYDNEY | SHANGHAI | SAN FRANCISCO | SACRAMENTO | NEW YORK | MELBOURNE | LOS ANGELES | LONDON | HOUSTON | HONG KONG | CHICAGO | BOSTON | ATLANTA

Writer's direct phone
(212) 218-5507

Writer's e-mail
dkesselman@seyfarth.com

May 21, 2018

**BY ECF**

The Honorable Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Saldarriaga v. IND Glatt, Inc. et al.*
       Case No. 1:17-cv-02904-PKC-SMG

Dear Judge Chen:

As Your Honor is aware, this firm represents Defendants IND Glatt, Inc. ("IND Glatt") and David Yizhaky (collectively, "Defendants"). We write pursuant to Your Honor's Individual Practices and Rules, No. 3(A), and the Order of Magistrate Judge Gold (Doc. No. 23) to request a pre-motion conference preliminary to a contemplated motion for partial summary judgment in this action.

<u>NATURE OF THE CASE</u>

IND Glatt is a kosher butcher, grocery and fish store in Brooklyn. Mr. Yizhaky owns and operates the store and manages the employees who work there. Plaintiff is a former kitchen employee at IND Glatt. His employment ended on May 5, 2017, when Mr. Yizhaky discharged him for violating Jewish dietary laws.

On May 12, 2017 (about one week after his discharge), Plaintiff filed a Complaint asserting violations of the Fair Labor Standards Act, New York Labor Law, and New York Codes, Rules, and Regulations. Specifically, Plaintiff asserts IND Glatt: (1) failed to provide him overtime compensation for all hours worked in excess of 40 hours per week, (2) failed to provide him spread of hours compensation on days when his shift exceeded ten hours in one day, and (3) failed to provide him paystubs and wage statements. Defendants deny Plaintiff's claims.



May 21, 2018
Page 2

## PROCEDURAL POSTURE

The parties engaged in written and deposition discovery. Fact discovery closed on April 13, 2018. The parties have not and will not engage in expert discovery. The parties participated in a settlement conference with Judge Gold on May 1, 2018, but were unable to reach an agreement. The time for any dispositive motions is now ripe.

## BASIS FOR RELIEF

Defendants submit that Plaintiff's hourly wage rate during his employment has been established by documentary and testimonial evidence. During his deposition, Plaintiff acknowledged his signature on records reflecting his hourly rate. The wages paid to Plaintiff included amounts computed at his agreed upon hourly rate and his appropriate overtime rate. Accordingly, Defendants submit there is no genuine material issue of fact as to Plaintiff's hourly rate of pay and how Plaintiff's hourly rate should be calculated for purposes of liability and damages. A decision on summary judgment of this issue will significantly narrow the issues for trial, and focus the parties on the actual damages that may be at issue as to the remaining factual and legal issues for trial.

## CONCLUSION

For these reasons, Defendants respectfully request a pre-motion conference in anticipation of moving for partial summary judgment on the appropriate method for determining Plaintiff's hourly rate of pay. Alternatively, Defendants respectfully ask the Court to set a dispositive motion briefing deadline, within initial moving papers to be filed on or after July 2, 2018, or for the parties to submit the briefing schedule for Your Honor's approval..

Respectfully submitted,

SEYFARTH SHAW LLP

*/s/ Dov Kesselman*

Dov Kesselman

cc:   Sara Isaacson, Esq.
      Stacey Bentley, Esq.