# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510                                   Telephone: (212) 317-1200
New York, New York 10165                                          Facsimile: (212) 317-1620
_____

May 22, 2019

**VIA ECF**

Hon. Steven M. Gold
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
New York, NY 11201

> **Re:**   *Saldarriaga Saldarriaga v. IND Glatt, Inc. et al.*
>              Case No. 17-cv-2904-PKC-SMG

Dear Judge Gold:

This office represents Plaintiff Alberto Saldarriaga Saldarriaga ("Plaintiff") in the above-referenced matter.  We submit this letter, together with Defendants' counsel, to respectfully request Court approval of the settlement reached between Plaintiff and Defendants IND Glatt, Inc. and David Yizhaky (collectively, "Defendants," and together with Plaintiff, the "Parties").

The Parties have agreed to a Settlement Agreement and General Release (the "Agreement"), attached hereto as **Exhibit A**, which resolves all of Plaintiff's wage and hour and other claims against Defendants.  The Agreement was achieved only after the Parties conducted written and deposition discovery, participated in a settlement conference before Your Honor in May 2018, briefed Defendants' motion for partial summary judgment and considered the Court's reasoned opinion, and engaged in extensive negotiations.  We respectfully ask the Court to approve the settlement, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

The Agreement reflects a desire by the Parties to fully and finally settle and compromise all of Plaintiff's claims asserted in this case, as well as potential claims by Defendants against Plaintiff.  The Parties represent to the Court that while Plaintiff believes that the settlement amount is less than what he would be entitled to if he prevailed at trial, and Defendants believe the settlement amount is more than what Plaintiff would recover if he prevailed at trial, the settlement is nevertheless fair, as discussed herein.

<u>**Background**</u>

Plaintiff was employed by Defendants as a salad and soup maker at the kosher butcher shop owned by Defendants, located at 482 Avenue P, Brooklyn, NY 11223.  The Parties disagree on Plaintiff's date of hire with Defendants.  Plaintiff maintains he was hired in January 2014 and Defendants maintain he was hired in 2015.  The Parties agree that Plaintiff's employment ended on or about May 5, 2017.

Hon. Steven M. Gold
May 22, 2019
Page 2 of 6

The Parties likewise dispute Plaintiff's work hours and rate of pay. Plaintiff claims he typically worked 61 hours per week and Defendants argue Plaintiff worked no more than 55 hours per week. Plaintiff claims he was paid a fixed weekly salary, exclusive of overtime pay. Defendants argue that Plaintiff was paid a weekly wage that included all overtime pay. Defendants rely on payroll records produced during discovery; Plaintiff disputes those records. The Parties agree that Defendants paid Plaintiff in cash.

In this action, Plaintiff seeks to recover alleged unpaid overtime wages, spread of hours pay, liquidated damages, interest, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq*. ("FLSA"), the New York Minimum Wage Act, N.Y. Lab. Law §§ 650, *et seq*., and overtime wage orders of the New York Commission of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6. Defendants deny Plaintiff's claims in their entirety and maintain he is entitled to no damages. There are risks to both parties in proceeding with litigation, as well as significant and unanticipated burdens and expenses in establishing their respective positions through a trial.

## The Settlement

To resolve these issues and avoid protracted litigation, the Parties have agreed to a total settlement sum of $89,000.00, which will be paid as outlined in **Exhibit A** (the Agreement).

Plaintiff alleges he is entitled to back wages of approximately $112,959.00. Plaintiff further estimates that had he recovered in full at trial for his claims, he would have been entitled to approximately $268,206.36, which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs. A copy of Plaintiff's alleged damages chart, breaking down each amount he sought from Defendants, is attached as **Exhibit B**. Conversely, Defendants' position is that Plaintiff's claims will fail on the merits and he will be entitled to no damages, but calculate that even if Plaintiff prevailed at trial, his recovery would not exceed $23,470.72.  .

## Argument

A.    Legal Standard for FLSA Settlement Approval

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013) (*quoting* Crabtree v. Volkert, Inc., 2013 WL 593500, at *3 (S.D.Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (*quoting* Le v. SITA Info. Networking Computing USA, Inc., 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether

Hon. Steven M. Gold
May 22, 2019
Page 3 of 6

'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." Wolinsky, 900 F.Supp.2d at 225 (*quoting* Medley v. Am. Cancer Soc., No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The Agreement is fair to Plaintiff. There are bona fide disputes surrounding Plaintiff's dates of employment, work hours, and his rates of pay. Defendants have serious contentions that, if successful, would have substantially reduced, if not eliminated, Plaintiff's ability to collect any amount at trial. Defendants moved for partial summary judgment on the issue of Plaintiff's alleged hourly and overtime rates of pay, seeking to thereby establish the proper method for computing Plaintiff's alleged damages in this action. Although the Court denied Defendants' motion, Judge Chen's decision identified potential vulnerabilities in Plaintiff's theories, reflecting the genuine uncertainty regarding an outcome at trial.

Plaintiff has been represented by counsel throughout this lawsuit and has made an informed decision to settle the action prior to trial, without incurring further costs, risks, or encumbrance of trial. The $89,000.00 that Plaintiff will be receiving accounts for the alleged unpaid minimum and overtime wages that he could have potentially recovered at trial. Furthermore, the Agreement is the product of arm's-length bargaining between experienced counsel and there is no possibility of fraud or collusion.

B.    Plaintiff's Attorneys' Fees are Fair and Reasonable

Under the settlement, Plaintiff's counsel will receive $29,000, slightly less than one-third of the settlement amount and just barely more than their lodestar amount.

The amount provided to the Plaintiff's counsel under the settlement is fair and reasonable as it is consistent with the range of fees typically awarded in cases in this Circuit. *See* Castaneda v. My Belly's Playlist LLC, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also* Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit"). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See* Alleyne v. Time Moving & Storage Inc., 264 F.R.D. at 60; *see also* McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010).

Given Plaintiff's counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, Plaintiff's counsel was able to obtain a favorable pre-trial result due to the Parties' cooperative exchange of information and frequent negotiations.

Attached hereto as **Exhibit C**, are Plaintiff's amended attorneys' time records. A brief biography of each attorney who performed billed work in this matter is as follows:

Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C., and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with

Hon. Steven M. Gold
May 22, 2019
Page 4 of 6

International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

Sara Isaacson was an associate at Michael Faillace & Associates, P.C. from May 2017 through February 2019. She graduated from Benjamin N. Cardozo School of Law in 2015. During law school, Ms. Isaacson worked as a law clerk at the employment firm of Virginia & Ambinder, LLP. After graduating law school, Ms. Isaacson worked at a commercial litigation firm which also specialized in the defense of wage and hour litigation. During her employment at Michael Faillace & Associates, P.C., she was responsible for all aspects of the firm's employment docket in federal court.

Paul Hershan is an associate at Michael Faillace & Associates, P.C. He graduated from Fordham University School of Law in 2012. Following law school, he gained extensive trial and appellate litigation experience in the field of criminal law. Paul served as an Assistant District Attorney with the Bronx County District Attorney's Office for three years, then practiced primarily in the area of criminal defense before joining Michael Faillace & Associates, P.C. in April of 2018.

The requested attorneys' fees and costs in the Parties' settlement are reasonable under the circumstances and Plaintiff has agreed to these fees and costs by agreeing to the settlement amount. As a result, the fees should be approved.

## Conclusion

Plaintiff has been represented by counsel throughout this lawsuit, and Plaintiff's counsel has agreed to the settlement amount based on the approval of his client. Plaintiff's interests have thus been adequately safeguarded.

In full consideration of the issues presented in <u>Cheeks</u>, we believe that the Parties' Agreement is fair and reasonable, and that the settlement should be approved.

Thank you for your consideration in this matter.

Respectfully Submitted,

/s/ Michael Faillace
Michael Faillace, Esq.
Michael Faillace & Associates, P.C.
*Attorneys for Plaintiff*

Hon. Steven M. Gold
May 22, 2019
Page 5 of 6


cc:    Dov Kesselman, Esq. (via ECF)
       Stacey Bentley, Esq. (via ECF)
       *Attorneys for Defendants*