UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
:
ALBERTO SALDARRIAGA SALDARRIAGA, :
:
:
Plaintiff, :
-against- : MEMORANDUM
: AND ORDER
: 17-CV-2904 (SMG)
IND GLATT, INC., and DAVID YIZHAKY, :
:
Defendants. :
:
------------------------------------------------------------------- x

GOLD, STEVEN M., U.S. Magistrate Judge:

    Plaintiff Alberto Saldarriaga claims in this action that his employers, defendants IND Glatt, Inc., and David Yizhaky, failed to pay him proper overtime wages as required by the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and New York Labor Law §§ 190 and 650 *et seq.* ("NYLL"). Compl. ¶ 11, Dkt. 1. The parties reached a settlement agreement and now seek Court approval pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). Approval Application, Dkt. 36 at 1.

    The settlement was reached at arms-length with the assistance of a court-annexed mediator after the completion of discovery. The parties were represented by experienced counsel. Before the parties reached their agreement to settle, this Court presided over a settlement conference. *See* Dkt. 23. As a result, the Court became aware of the strength of defendants' position and the likelihood that plaintiff would either not prevail at trial or recover less than he claimed. Accordingly, although plaintiff claims he is owed substantially more than the settlement amount, I conclude that the settlement amount agreed to by the parties is fair, and that "the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Le v. SITA Information*

*Networking Computing, USA, Inc.*, 2008 WL 724155 (E.D.N.Y. Mar. 13, 2008) (internal quotations and citation omitted).

The attorneys' fees portion of the settlement is equal to less than one-third of the settlement amount and only slightly more than counsels' lodestar. Approval Application at 3 and Ex. C. Accordingly, the fee amount is reasonable as well.

However, two aspects of the settlement agreement warrant further discussion. First, the agreement calls for the parties to exchange mutual general releases. Settlement Agreement ("SA") ¶ 4. During a telephone conference held on June 21, 2019, *see* Dkt. 38, the Court expressed concern about whether it was proper for a settlement agreement in an FLSA case to include a general release. On June 24, 2019, defendants submitted a letter brief, Dkt. 39, pointing to precedents supporting approval of general releases where they are mutual and involve only named plaintiffs and not members of a class or collective action. *See, e.g.*, *Burgos v. Ne. Logistics, Inc.*, 2018 WL 2376481, at *4, 6 (E.D.N.Y. Apr. 26, 2018), *report and recommendation adopted*, 2018 WL 2376300 (E.D.N.Y. May 24, 2018) ("[W]hen general releases are reciprocal, courts in this Circuit have been much more tolerant"); *Bukhari v. Senior*, 2018 WL 559153, at *2 (S.D.N.Y. Jan. 23, 2018 (holding that the proposed broad release provision may be approved if it is either amended to be a narrower release, or if a "concrete and persuasive explanation of the practical benefit [plaintiff] stands to realize in exchange for broadly releasing all claims against defendants" is presented); *Snead v. Interim HealthCare of Rochester, Inc.*, 286 F.Supp.3d 546, 553 (W.D.N.Y. 2018) (holding that a general release provision that releases both parties from all claims arising from plaintiff's employment with defendant is valid when the terms are mutual and have been negotiated by competent counsel, and when plaintiff is no longer employed by defendant).

Saldarriaga is the sole plaintiff in this action and is no longer employed by the defendants. Moreover, in their June 24 letter brief, defendants contend that plaintiff was fired for cause, and that the circumstances of his termination could give rise to a significant cause of action against him. Dkt. 39 at 2. Accordingly, defendants' execution of a general release has practical and not merely theoretical significance to plaintiff. I accordingly approve the release provision of the settlement agreement.

In my further review of the agreement, though, I became concerned about a second provision that was not discussed during the June 21 telephone conference. The agreement includes a non-disparagement clause. SA ¶ 8. Courts have held that such clauses "contravene the remedial purposes" of the FLSA unless they include a "carve-out for truthful statements" about a plaintiff's experience litigating his case. *Lazaro-Garcia v. Sengupta Food Services*, 2015 WL 9162701, at *3 (S.D.N.Y. Dec. 15, 2015). *See also Weng v. T&W Rest., Inc.*, 2016 WL 3566849, at *4 (S.D.N.Y. June 22, 2016). The non-disparagement clause does not include the required carve-out for truthful statements about the litigation.

For the reasons stated above, all aspects of the agreement are approved with the exception of the non-disparagement clause. Counsel shall submit a revised version of the agreement with a carve-out included in the non-disparagement clause, or a letter brief explaining why the Court should approve the agreement in its current form, by July 16, 2019.

SO ORDERED.

_____/s/_____
STEVEN M. GOLD
United States Magistrate Judge

Brooklyn, New York
July 3, 2019

U:\Saldarriaga settlement.docx