## SETTLEMENT AGREEMENT AND GENERAL RELEASE

**1. Parties.** The parties to this Agreement are you, Alberto Saldarriaga Saldarriaga (for yourself, your family, beneficiaries and anyone acting for you) (hereinafter "You" or "Your") on the one hand, and IND Glatt, Inc. ("IND Glatt") and David Yizhaky (collectively, "Defendants") on the other hand.

You and Defendants are presently parties to a lawsuit now pending before the U.S. District Court for the Eastern District of New York, Case No. 1:17-cv-02904-PKC-SMG (the "Lawsuit"). You and Defendants are interested in avoiding all further legal costs and disputes and in fully and expeditiously resolving all claims, charges, or issues of law or fact that were or could have been raised by you against Defendants as of the date you sign this Agreement.

**2. Consideration.** In complete settlement of all claims that you have or may have against Defendants and subject to the terms below, IND Glatt agrees to pay You the gross sum of Eighty-Nine Thousand Dollars ($89,000.00) to be apportioned as follows:

- $60,000.00, minus applicable deductions and withholdings, for lost wages by check made payable to You.  Defendants' receipt of an IRS Form W-4 completed and executed by You is a condition precedent to this payment.  IND Glatt will issue an IRS Form W-2 to You reflecting this payment.

- $29,000.00, for attorney fees and costs, by check made payable to Michael Faillace & Associates, P.C.  Defendants' receipt of an IRS Form W-9 completed and executed by each of You and Michael Faillace & Associates, P.C. is a condition precedent to this payment.  IND Glatt will issue an IRS Form 1099 to each of You and Michael Faillace & Associates, P.C. reflecting this payment.

These payments will be paid in eight (8) equal monthly installments, with one-eighth of the amounts above to be delivered each month for eight months (*i.e.*, separate checks of the gross amounts of $7,500.00 made payable to You and $3,625.00 made payable to Michael Faillace & Associates, P.C., per month), beginning thirty (30) days from the Effective Date of this Agreement.

All payments set forth above (the "Settlement Payments") shall be delivered to Michael Faillace & Associates, P.C. (Attn: Michael Faillace), One Grand Central Place, 60 East 42nd Street, Suite 4510, New York, NY 10165.  In the event that IND Glatt fails to make the Settlement Payments, David Yizhaky shall be jointly and severally liable to make such unpaid Settlement Payments.

You acknowledge that you have not relied on any statements or representations by Defendants or their attorneys with respect to the tax treatment of the payments described in this section.  If any taxing body determines that the tax treatment was incorrect and that greater amounts should have been withheld from any payment above (or any part thereof), You acknowledge and assume all responsibility for paying those amounts and further agree to indemnify and hold Defendants harmless for payment of any additional taxes and any interest and penalties thereon.

The parties warrant that they are not aware of any attorneys' liens placed on this matter.

You agree that the payments above are consideration for the promises by You contained herein and that Defendants were not otherwise obligated to make these payments.

1

56233165v.6

3. **<u>Court Approval of Settlement Agreement.</u>** The parties agree that the Court's approval of this Agreement as fair and reasonable and the subsequent dismissal of the Lawsuit with prejudice is a condition precedent to Defendants' promises in this Agreement. You understand that counsel will jointly submit a motion to the Court for approval of this settlement as fair and reasonable to be prepared by your counsel and approved by counsel for Defendants. The parties agree that this Agreement will become effective once fully executed, not revoked, and upon Court approval of this settlement Agreement as set forth herein ("the Effective Date").

4. **<u>Mutual General Release.</u>** You release Defendants (plus IND Glatt's parents, subsidiaries, affiliates, predecessors, successors and any other entity related to it and all of its and their past and present directors, officers, employees and anyone else acting for any of them – all together "Releasees") from all claims of any type to date, known or unknown, suspected or unsuspected, arising out of anything to do with Your employment or the end of Your employment by Defendants or any of their parents, subsidiaries, contractors, or affiliates, to the fullest extent allowed by law. This means You give up all claims for, and promise not to sue for:

- any pay/compensation/benefits (whether under the federal Fair Labor Standards Act, the New York Labor Law, or otherwise) including backpay, front pay, overtime, spread of hours pay, bonuses, commissions, equity, expenses, incentives, insurance, paid/unpaid leave/time off, profit sharing, salary, or separation pay/benefits;

- compensatory/emotional/distress damages; punitive or liquidated damages, attorney fees, costs, interest or penalties;

- any violation of express or implied employment contracts, covenants, promises or duties, intellectual property or other proprietary rights;

- unlawful or tortious conduct such as assault or battery; background check violations; defamation; detrimental reliance; fiduciary breach; fraud; indemnification; intentional or negligent infliction of emotional distress; interference with contractual or other legal rights; invasion of privacy; loss of consortium; misrepresentation; negligence (including negligent hiring, retention or supervision); personal injury; promissory estoppel; public policy violation; retaliatory discharge; safety violations; posting or records-related violations; wrongful discharge; or other federal, state or local statutory or common law matters;

- discrimination based on age (including claims under the Age Discrimination in Employment Act ("ADEA"), as amended by the Older Workers Benefit Protection Act of 1990 ("OWBPA")), ancestry, benefit entitlement, citizenship, color, concerted activity, disability, ethnicity, gender, genetic information, harassment, immigration status, income source, jury duty, leave rights, marital status, military status, national origin, parental status, political affiliation, protected off-duty conduct, race, religion, retaliation, sexual orientation, union activity, veteran status, whistleblower activity (including Sarbanes-Oxley, Dodd-Frank and False Claims Act claims), other legally protected status or activity, including any claim of discrimination under any federal, state, city, or local statute or common law; or any allegation that payment under this Agreement was affected by any such discrimination; and

- any participation in any class, collective, or representative action against Defendants for any claims released in this General Release.

56233165v.6

You acknowledge that you are not aware of any actual, existing or meritorious claims other than those raised in the Lawsuit. Defendants deny all claims, including those raised in the Lawsuit.

You agree not to oppose any motion filed by Releasees under 28 U.S.C. § 1651(a) to enjoin you from initiating or prosecuting any action in any court based on any of the matters released above.

Defendants release You from all claims of any type to date, known or unknown, suspected or unsuspected, arising out of anything to do with Your employment by Defendants or any of their parents, subsidiaries, contractors, or affiliates, to the fullest extent allowed by law.

5. **Release Exclusions/Individual Protections.** This Agreement's release provisions exclude: claims arising after You sign this Agreement; claims for breach of this Agreement; and claims that cannot be waived by law, such as for unemployment or worker's compensation. Neither the release provisions above nor anything else in this Agreement limit Your rights to file a charge with any administrative agency (such as the U.S. Equal Employment Opportunity Commission or a state fair employment practices agency), provide information to an agency, or otherwise participate in an agency investigation or other administrative proceeding. However, You give up all rights to any money or other individual relief based on any agency or judicial decision, including class or collective action rulings, except that You may receive money properly awarded by the U.S. Securities and Exchange Commission as a securities whistleblower incentive. You may also file suit to enforce this Agreement or to challenge its validity under the ADEA or OWBPA.

6. **Representations for other matters.** You represent to Defendants, as a material inducement to enter into this Agreement, that, other than the Lawsuit, there are no pending matters, claims, charges, proceedings, complaints or actions against or with respect to Defendants, filed or submitted by You or with Your knowledge, or on Your behalf, with any federal, state or local court, department, arbitration tribunal, or administrative or other agency. You further represent that you have not assigned or transferred or attempted to assign or transfer to any person any claim that you have or may have against Defendants.

7. **Whistleblowing.** You agree that beyond the allegations contained in the Complaint no one interfered with your ability to report IND Glatt or the Defendants' possible violations of any law.

8. **Non-Disparagement.** Once you have signed this Agreement, You will not do or say anything, directly or indirectly, that disparages or reflects negatively on IND Glatt's and/or Yizhaky's character, work practices, products or services, other than truthful statements pertaining to the litigation of the Lawsuit. You agree that You will not seek an employment reference from Defendants, and Defendants will not provide any employment reference regarding You.

9. **Non-Admission.** Neither Defendants' offer reflected in this Agreement nor any payment under this Agreement are an admission that you have a viable claim against Defendants or any other Releasee. Each Releasee denies all liability.

10. **Confession of Judgment.** Defendants agree to execute a Confession of Judgment in a form acceptable to both parties to this agreement with respect to the Settlement Payment, which confession of judgment shall be held in escrow by Your counsel, and which shall not be used or filed in Court unless Defendants fail to timely comply with the payment terms of paragraph 2 of this Agreement, and then only after Your counsel gives Defendants' counsel one week's notice

of any breach of paragraph 2 of this Agreement and an opportunity for Defendants' to cure such breach within such one week notice period.

**11. Applicable Law.** This Agreement shall be interpreted under federal law if that law governs, and otherwise under the laws of the State of New York, without regard to its choice of law provisions.

**12. Dispute Resolution.** Any dispute regarding the failure to pay the Settlement Payment under this Agreement shall be resolved by Judge Pamela K. Chen in the Eastern District of New York, or any other District or Magistrate Judge so assigned. Any other dispute regarding this Agreement will be decided through binding arbitration to take place: (i) in the State of New York and (ii) under the American Arbitration Association Employment Arbitration Rules and Mediation Procedures, as amended, but excluding application of the Supplementary Rules for Class Arbitrations effective as of October 10, 2003. Also excluded from this Dispute Resolution requirement are pre-judgment actions for injunctive relief to enforce the terms of this Agreement. Both parties waive their right to a jury trial. If you initiate arbitration, you will be required to pay the first $100 of the required AAA fee; Defendants shall pay the remainder. If Defendants initiate arbitration, they shall pay 100% of the required AAA fee. Each side shall pay its own legal fees and expenses, except where such legal fees and expenses may be awarded under applicable law. The expenses of witnesses for either side shall be paid by the party requiring the presence of such witnesses. All other expenses of the arbitration shall be paid by Defendants.

**13. Enforceability.** If a court (or arbitrator) finds any part of this Agreement unenforceable, that part shall be modified and the rest enforced, except that if a court (or arbitrator) finds paragraph 4 unenforceable, then none of the remaining obligations on Defendants shall be enforced, and monies paid in settlement shall be subject to return to Defendants. If a court (or arbitrator) finds any such part incapable of being modified, it shall be severed and the rest enforced, except that if a court (or arbitrator) finds paragraph 4 unenforceable as written, then none of the remaining obligations on Defendants shall be enforced, and monies paid in settlement shall be subject to return to Defendants. A decision not to enforce this Agreement does not waive any future violation.

**14. Enforcement.** Nothing in this Agreement limits either party's right to obtain preliminary or permanent injunctive relief if either party breaches this Agreement, plus any additional relief determined to be appropriate.

**15. Medicare Secondary Payer.** Both parties represent that none of the monies paid under this Agreement are for (i) payment of medical expenses incurred by You, or (ii) injuries for which You have received or can receive Medicare or Medicaid benefits. Nothing in this Agreement prevents either party from: (i) communicating information about this Agreement for compliance purposes under the Medicare Secondary Payer law or the Medicare, Medicaid, and SCHIP Extension Act of 2007; or (ii) otherwise complying with these laws.

**16. Entire Agreement.** This Agreement is the complete understanding between You and Defendants. It replaces any other agreements, representations or promises, written or oral.

**17. Time to Consider.** You have been given 21 days to consider this Agreement. You must sign and return this Agreement to Defendants in the time given if you want to get the monetary benefits listed in paragraph 2 of this Agreement.

18. **Time to Revoke.**  After You sign this Agreement, You have 7 days to revoke it by providing written notice to Defendants' counsel.  Any such revocation must be received in writing within the seven (7) day revocation period by Dov Kesselman, Seyfarth Shaw LLP, 620 Eighth Avenue, New York, New York 10018; email: dkesselman@seyfarth.com.  If You revoke this Agreement, You will not receive, and Defendants will not be required to pay, any of the Settlement Payments listed in paragraph 2 of this Agreement.

19. **Counterparts.**  This Agreement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties.  A facsimile, digital image, or copy of this Agreement shall have the full force and effect of, and be admissible as, an original.

20. **Other Representations.**  You agree:

- By this paragraph, Defendants have advised You to consult with an attorney about this Agreement;

- You consulted with an attorney before signing this Agreement;

- You did not work for IND Glatt or any of the Defendants under any other name;

- You no longer work for IND Glatt or any of the Defendants;

- You are signing this Agreement in Your own legal name and not on behalf of someone else;

- With the settlement payments noted above, You acknowledge that You will not receive, and are not entitled to any other pay/compensation/benefits/leave/time off You are due to date, including for overtime or vacation;

- You have not suffered any on-the-job injury during your employment with any of the Defendants for which you have not already filed a claim, and the end of your employment is not related to any such injury;

- This entire document was translated and read to you in Your native language by Your counsel prior to Your signing in the presence of Your counsel;

- You have been given the opportunity to ask questions about this Agreement and all of Your questions, if any, have been satisfactorily answered; and

- You are signing this Agreement knowingly and voluntarily.

**[SIGNATURES ON FOLLOWING PAGE]**

_____  7.15.19
Alberto Saldarriaga Saldarriaga          Date

On the 15 day of July in the year 2019 before me, the undersigned, personally appeared, Alberto Saldarriaga Saldarriaga, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

JOSHUA S. ANDROPHY
Notary Public, State of New York
No. 02AN6186515
Qualified in New York County
Commission Expires August 17, 2018
Jan. 8, 2020

_____
Notary Public

_____  7/16/19
IND Glatt, Inc., by David Yizhaky    Date

_____  7/16/19
David Yizhaky, individually          Date

6

56233165v.6
Scanned by CamScanner